# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONNELL HUGHES,<br><br>    Plaintiff,<br><br>v.<br><br>ALLEGHENY COUNTY AIRPORT AUTHORITY aka PITTSBURGH INTERNATIONAL AIRPORT,<br><br>    Defendant. | Civil Action No. 15-221<br>Hon. Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion to Compel Interrogatories, (Docket No. [108]), and Defendant's response in opposition, (Docket No. [110]). After careful consideration of the parties' submissions and the general standard governing motions to compel discovery, i.e., that the moving party bears the initial burden to show the relevance of the requested information and that it is proportional to the needs of the case and once this initial burden is met, the burden shifts to the party resisting discovery to demonstrate the lack of relevance of the requested documents or that responding to the discovery would be unduly burdensome, etc., *see Samuel, Son & Co. v. Beach*, No. 13-CV-128, 2014 U.S. Dist. LEXIS 143549 (W.D. Pa. Oct. 9, 2014), consistent with the current version of Rule 26(b)(1),[1] Plaintiff's Motion to Compel Interrogatories [108] is DENIED.

---

[1] Rule 26(b)(1) provides:

> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

In so holding, the Court notes that Plaintiff has asserted a claim against Defendant for its alleged violation of 42 U.S.C. § 1981. (Docket No. 18). The factual and procedural background of this matter, which has been pending for over two years, is set forth in detail in this Court's Memorandum Order dated December 12, 2016. (Docket No. 98 at 1-4). In its Memorandum Order, the Court granted Plaintiff's Motion to Amend the Complaint and granted Plaintiff's Motion to Reopen Discovery. (*Id.* at 7-8). In granting Plaintiff's Motion to Reopen Discovery, the Court stated that "Defendant will not suffer any prejudice because Plaintiff only seeks information regarding African Americans who have reached full retirement and benefits while working for Defendant. Plaintiff's limited request should not constitute an undue burden to Defendant." (*Id.* at 6-7). The Court reopened discovery "for the LIMITED purpose of permitting Plaintiff to serve upon Defendant an interrogatory, i.e., a written question as outlined in Federal Rule of Civil Procedure 33." (*Id.* at 7 (emphasis in original)). The Court further ordered that "**no further reopening of or extensions of discovery will be granted in this matter.**" (*Id.* at 8 (emphasis in original)).

In his motion, Plaintiff seeks to compel Defendant's responses to the following nine interrogatories:

1. The drivers' seniority list showing hiring dates[,] including Richie Burkhart and all laborers [who] were promoted to drivers.
2. Drivers['] and laborer[s'] drug test[s] for the last 5 years[.]
3. All hiring and promotions prior to January 9, 2014[,] including airline services, laborers, and drivers.
4. The names and dates of hire of the airline services employees promoted to Field Maintenance.
5. The fire department hires in the past ten years.
6. Provide the number of employees and minorities within the electrical department.
7. Provide the number of employees and minorities within the paint department.

---

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

8. Bob Turner's date of hire, date retired[,] and age at retirement.
9. Human resources provide hiring and promotions prior to January 9, 2014[,] including Cheryl Shaw's title and Dave Shaw's title[.]

(Docket No. 108 at 1-2).

It is well settled that a court has inherent authority to construe its own orders. *See, e.g., WRS, Inc. v. Plaza Entm't, Inc.*, 402 F.3d 424, 428 (3d Cir. 2005) ("[W]e recognize that great deference is given to a district court's interpretation of its own order."); *Forta Corp. v. Surface-Tech*, No. 13-CV-1608, 2015 U.S. Dist. LEXIS 184219, at *5 (W.D. Pa. Aug. 3, 2015) ("[T]he Court has discretion to interpret its own orders."). In interpreting its Memorandum Order, the Court finds that Plaintiff's requests are outside its scope. Specifically, Plaintiff's interrogatories are outside the scope of the Court's Order holding that Plaintiff could issue "*an* interrogatory, i.e., *a written question* as outlined in Federal Rule of Civil Procedure 33" to seek "information regarding African Americans who have reached full retirement and benefits while working for Defendant." (Docket No. 98 at 6-7 (emphasis added))). Plaintiff's requests are also overly broad and are, therefore, unduly burdensome. For example, Plaintiff's third, fourth, sixth, and seventh interrogatories are not limited to any timeframe. The Court further finds appropriate Defendant's objection that Plaintiff's fifth, sixth, and seventh interrogatories are overly broad because he seeks information related to the fire, electrical, and paint departments, which are outside his own department. (*See* Docket No. 18 at ¶¶ 8, 13 (wherein Plaintiff states that he is a laborer/driver); Docket No. 110 at 2).

With respect to Plaintiff's remaining interrogatories, Defendant provided Plaintiff with the drivers' seniority list and with Richie Burkhart's date of hire. (Docket No. 110-4 at 2; Docket No. 110-5 at 3). Thus, Plaintiff has received the information that he requested in his first interrogatory. The Court finds that Plaintiff's second interrogatory is improper because well-

established law provides that the results of drug tests are confidential. *See, e.g.*, *Murray v. Surgical Specialties Corp.*, No. 97-CV-444, 1999 U.S. Dist. LEXIS 277, at *19 (E.D. Pa. Jan. 13, 1999) (explaining that Pennsylvania law protects against the release of drug test results).[2] Regarding Plaintiff's eighth and ninth interrogatories, the Court again concludes that they are outside the scope of its Order. However, the Court notes that Defendant has provided Plaintiff with the year in which Robert Turner voluntarily resigned, (*see* Docket No. 110-5 at 2), and with the job titles of Dave Shaw and Cheryl R. Frasca-Shaw, (*see* Docket No. 110-4 at 3).[3] The Court further notes that Defendant has also provided Plaintiff with information related to promotions from laborer to driver and information related to Mike Moreau, Sanford Roy, and Lamont Wilson. (*See* Docket No. 110-4 at 2-3; Docket No. 110-5 at 2). Having concluded that each of Plaintiff's interrogatories is outside the scope of its Order, the Court will deny Plaintiff's motion to compel further responses by Defendant.

For these reasons,

---

[2] In so holding, the District Court quoted Pennsylvania's confidentiality statute, which provides:

> All patient records and all information contained therein relating to drug or alcohol abuse or drug or alcohol dependence prepared or obtained by a private practitioner, hospital, clinic, drug rehabilitation or drug treatment center shall remain confidential and may be disclosed only with the patient's consent and only (i) to medical personnel exclusively for purposes of diagnosis and treatment of the patient or (ii) to government or other officials exclusively for the purpose of obtaining benefits due the patient as a result of his drug or alcohol abuse or drug or alcohol dependence except that in emergency medical situations where the patient's life is in immediate jeopardy, patient records may be released without the patient's consent to proper medical authorities solely for the purpose of providing medical treatment to the patient.

*Id.* at *19 (quoting 71 PA. CONS. STAT. § 1690.108(c)). The Court also notes that no confidentiality order was entered in this matter.

[3] To the extent that Plaintiff seeks information related to Defendant's employees who have resigned or retired, it appears to the Court that such individuals are equally available to Plaintiff and Defendant as part of their respective investigations in advance of the trial in this matter. *See, e.g., Flocco v. J.C. Penney Corp.*, No. 10-CV-2084, 2011 U.S. Dist. LEXIS 98232, at *14-15 (E.D. Pa. Aug. 30, 2011) (noting that an individual no longer worked for the defendant and explaining that "[a]t the time of the trial, [he] was equally available to both parties"); *Smith v. Int'l Total Servs.*, No. 95-CV-2038, 1997 U.S. Dist. LEXIS 16236, at *28-29 (E.D. Pa. Oct. 9, 1997) (noting that the plaintiff's motion to compel the depositions of a former employee, "whom the defendant refused to produce on grounds that it had no control over its former employee and that plaintiff could subpoena him for his testimony," was denied).

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Interrogatories, (Docket No. [108]), is DENIED; and

IT IS FURTHER ORDERED that the deadlines for the filing of summary judgment motions set forth in the Court's January 27, 2017, Order shall remain as scheduled in same, (Docket No. [107]).

<u>*s/Nora Barry Fischer*</u><br>
Nora Barry Fischer<br>
United States District Judge

Dated: February 22, 2017

cc/ecf: All counsel of record.

    Lonnell Hughes
    567 Rosedale Street
    Pittsburgh, PA 15208
    (Regular Mail & E-mail)